UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
CASE NO.: 8:15-CV-01122-SCB-AEP

UNITED STATES OF AMERICA, )
          Plaintiff, )
v. )
    )
PATRICIA C. REILLY, )
    )   **DEFAULT FINAL JUDGMENT**
          Defendant. )
_____)

This matter having come before the Court upon Plaintiff, United States of America's Motion for Entry of Default Final Judgment against defendant, Patricia C. Reilly, and the Court having reviewed the pleadings submitted on behalf of the Plaintiff, and having further noted the entry of default as to the defendant for failure to answer or otherwise plead to the Summons and Complaint served by the plaintiff, and for good cause shown, it is hereby

ORDERED AND ADJUDGED that judgment is hereby entered in favor of Plaintiff, the United States of America, and against Defendant, Patricia C. Reilly, upon the Complaint herein, and it is further

ORDERED AND ADJUDGED that Plaintiff recover of the defendant, Patricia C. Reilly, the sum of $23,389.07, consisting of $3,070.57 in unpaid principal, plus $4,817.66 in interest at the rate of 8.00% for the Account No. 2015A13829 and $6,442.47 in unpaid principal, plus $9,058.37 in interest at the variable rate of 3.35% for account No. 2015A13931 through June 3, 2015 in accordance with the supporting documentation attached as Exhibit "B" and "C" to Plaintiff's Motion for Entry of Default Final Judgment, per annum to the date of this judgment, together with a Fee for Service and Travel, per 28 U.S.C § 1921 of $94.53, according to Exhibit "D", plus Attorney's fees of $920.00, see Exhibit "E".

The Government is entitled to attorney's fees under the Higher Education Act of 1965, 20 U.S.C §1071 et seq., (the "Act"). The Act provides that in addition to the terms of any promissory note, "a

borrower who has defaulted on a [student] loan shall be required to pay . . . reasonable collection costs." 20 U.S.C. § 1091a(b)(1); United States v. Vilus, 419 F. Supp.2d 293, 296-97(E.D.N.Y. 2005). One of the statute's implementing regulations specifies that "[i]f a borrower defaults...the Secretary [i.e., the Government] assesses collection costs on the basis of 34 C.F.R 30.60." 34 C.F.R. § 685.202(e)(2). In turn, 34 C.F.R. § 3060 provides that the Government "may charge a debtor for the costs associated with the collection of a particular debt [i.e., a defaulted student loan]. These costs include...[c]ourt costs and attorney fees." 34 C.F.R § 30.60(a)(8) for all of which sums let execution issue. It is further

ORDERED AND ADJUDGED that this judgment shall bear interest at the rate as prescribed by 28 U.S.C. §1961, and shall be enforceable as prescribed by 28 U.S.C. §2001, et seq., 28 U.S.C. §3001-3307, and Rule 69(a), Federal Rules of Civil Procedure. Plaintiff's address is: Becker & Poliakoff P.A., 121 Alhambra Plaza 10th Floor, Coral Gables, FL 33134 and U.S. Department of Education 50 Beale St., Suite 8601 San Francisco, CA 94105. Defendant's address is: Patricia C. Reilly, 9333 93rd Street, Seminole, FL 33777.

DONE AND ORDERED in Chambers, in Tampa, FL, this 23 day of June, 2015.

Sum C. Bucklew
SUSAN C. BUCKLEW
UNITED STATES DISTRICT JUDGE

cc: Steven M. Davis, Esq.(Two Certified Copies)
Patricia C. Reilly, Pro Se